OAKLAND, The (THOMPSON v.). See Case No. 13,971.

OAKLAND MANUF'G CO. (BUFFUM v.). See Case No. 2,113.

## Case No. 10,392.

### In re OAKLEY.

#### [5 Law Rep. 327.]

District Court, S. D. New York. Aug., 1842.

PRACTICE—DECREE OF BANKRUPTCY VACATED.

Objections were interposed to the decree of bankruptcy, resting in part on matters of fact, touching the integrity of the bankrupt in his statements, and in part on points of law, as to the sufficiency of the schedules on their face. The legal objections were first set down on the calendar, and argued, as taking precedence of any inquiry into the merits. The court, on the hearing, decided

that the papers were insufficient, and that the bankrupt could proceed no further, unless the schedules were properly amended. The petitioner thereupon proceeded ex parte to file amendments, and without submitting his amendments to the court for its allocatur, or obtaining the assent of the opposing creditor, moved for, and took a decree of bankruptcy. The court decided that this decree be vacated as irregular; that the petitioner if his proceedings in relation to the amendments, could be upheld, could not in that way override the objections to the merits of his application. Those were referred to a commissioner and must be investigated and properly disposed of, before any steps could be taken towards a decree. That investigation was properly suspended until questions of form were settled, and the creditors now had a right to pursue the reference before a commissioner, on the merits. Decree of bankruptcy vacated with costs.

Mr. Morris, for petitioner.
P. J. Joachemssen, for creditors.